**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-0255-WJM

ROGER VIGIL, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO COMMISSIONER OF SOCIAL SECURITY**

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Roger Vigil, Jr. ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

**I. BACKGROUND**

Plaintiff Roger Vigil was 45 years old when he applied for Supplement Security Income benefits on March 27, 2007. (A.R. 12, 16.) Plaintiff first applied for Social Security benefits in 1998 and was found to be disabled but lost his benefits when he was incarcerated. (A.R. 95.) Plaintiff reapplied and was granted benefits in 2004 but

lost them again when he was re-incarcerated. (A.R. 94.) The instant application was filed upon Plaintiff's release from prison in early 2007.

In April 2007, Plaintiff applied for the State of Colorado's Aid to the Needy and Disabled ("AND") benefit program. (A.R. 155.) As part of that process, Plaintiff was seen by Dr. Villalon who diagnosed Plaintiff with depression, amongst other ailments. (A.R. 156-57.) Dr. Villalon opined that Plaintiff's depression would last for 12 months or longer and that Plaintiff would not be able to work for six or more months due to his depression. (*Id*.)

The Colorado Disability Determination Services is responsible for administering the AND program and requested that Dr. Richard B. Madsen, a psychiatrist, perform a complete psychiatric evaluation of Plaintiff. (A.R. 158.) Dr. Madsen examined Plaintiff on August 20, 2007. (*Id*.) Dr. Madsen diagnosed Plaintiff with bipolar disorder, depression, and impaired intellectual functioning. (A.R. 160.) He opined that Plaintiff's ability to do work-related activities was impaired and that Plaintiff would have "difficulty maintaining a regular work schedule, focusing and concentrating on work, relating to peers, coworkers, supervisors, and the general public." (*Id*.)

On September 6, 2007, Dr. Alberta Ziomek performed a record review of Plaintiff's files and produced a medical report. (A.R. 161-78.) Dr. Ziomek's report evaluated Plaintiff's "Affective Disorders" and did not consider any substance abuse disorders. (A.R. 165, 173.) Dr. Ziomek found that Plaintiff's bipolar disorder would only moderately affect his daily activities, social functioning, and ability to concentrate. (A.R. 175.) She opined that Plaintiff could "do work that is simple, routine and can be learned after a few demonstrations. He will fare better in situations not having to serve the

public, no work closelely [sic] with ohters [sic] on a consistenet [sic] basis." (A.R. 163.)

Twice in 2008, Plaintiff was admitted to the hospital for injuries. (A.R. 190-252, 262-80.) On both occasions, he was intoxicated. (A.R. 190-252, 263.)

Plaintiff filed the instant application for benefits on March 27, 2007. (A.R. 84-86.) The Colorado Disability Determination Services initially denied his application. (A.R. 46-48.) Plaintiff obtained counsel and requested a hearing before an ALJ. (A.R. 51.) ALJ Kathryn D. Burgchardt held a hearing on June 17, 2009. (A.R. 23.)

On the September 2, 2009, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] The ALJ found that Plaintiff's impairments were bipolar disorder and alcohol dependence. (A.R. 14.) Considering both of these impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] "to perform a full range of work at all exertional levels, but was mentally unable to sustain concentration, persistence and pace necessary to consistently fulfill work for 8 hours per day, 5 days per week in order to complete a 40-hour work week." (A.R. 16.) Based on this RFC, the ALJ found that there were no jobs

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[2] The RFC is an assessment of the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." *Id.* Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. Soc. Sec. Ruling (SSR) 96-8p (July 2, 1996).

in the national economy that Plaintiff could perform. (*Id.*)

As directed by the regulations, the ALJ then proceeded to evaluate Plaintiff's disability status assuming that he ceased his dependance on alcohol. (A.R. 17-21.) With respect to Plaintiff's RFC assuming that Plaintiff stopped abusing alcohol, the ALJ found that he could "perform a full range of work at all exertional levels but would require work which is simply, unskilled, with one, two, or three step instructions, not in close proximity to coworkers (meaning that the individual could not function as a member of a team), and minimal direct contact with the public." (A.R. 18.) Based on this second RFC, the ALJ found that there were a significant number of jobs in the economy that Plaintiff could perform if he stopped abusing alcohol. (A.R. 21.)

The ALJ's ultimate conclusion was: "Because the claimant would not be disabled if he stopped the substance abuse (20 CFR 416.920(g)), the claimant's substance abuse disorder is a contributing factor material to the determination of disability (20 CFR 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of this decision." (*Id.*) The Appeals Counsel denied review of Plaintiff's application on December 3, 2010. (A.R. 1-5.) This appeal followed.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.  "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

### III.  ANALYSIS

On appeal, Plaintiff raises four issues: (1) the ALJ failed to properly assess the materiality of substance abuse; (2) the ALJ failed to properly evaluate and weigh the opinions of the non-examining State-agency physician; (3) the ALJ's RFC was not supported by substantial evidence; and (4) at step 5, the ALJ failed to properly evaluate weather there were a significant number of jobs.  (ECF No. 13 at 3.)  Because the Court finds that the ALJ's second RFC was not supported by substantial evidence and that this error requires remand, it will address this argument first.

**A.     The ALJ's Second RFC Was Not Supported By Substantial Evidence**

The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).  Under the relevant agency regulations, the Commissioner must determine whether the claimant would still

be disabled if he or she stopped using drugs or alcohol. *Drapeau*, 255 F.3d at 1214 (citing 20 C.F.R. § 416.935(b)(1)). To accomplish this task, "the ALJ must evaluate which of plaintiff's current physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine whether any or all of plaintiff's remaining limitations would be disabling." *Id.*

In accordance with these regulations, after finding that Plaintiff is disabled when considering his alcohol dependence as an impairment, the ALJ went on to consider whether Plaintiff would still be disabled if alcohol dependence was removed from the equation. During this second five-step process, when fashioning Plaintiff's RFC if he stopped drinking, the ALJ found that Plaintiff could perform simple, unskilled work that did not involve much interaction with co-workers or the public. (A.R. 18.)

Plaintiff argues that there is not substantial evidence to support this finding. (ECF No. 13 at 51.) The ALJ based this second RFC on: (1) the non-examining report of Dr. Ziomet from September 2007; (2) Plaintiff's lack of credibility, particularly regarding his alcohol abuse; and (3) the fact that he acted as a dishwasher and did not seek mental health treatment while in prison (where he was presumably sober). (A.R. 20.) The Court will discuss each category of evidence below.

The ALJ gave "great weight" to Dr. Ziomet's findings because the ALJ believed that Dr. Ziomet had performed her evaluation of Plaintiff based on the assumption that he stopped drinking. (A.R. 17.) However, nothing in Dr. Ziomet's report shows that she considered the effect of alcohol dependence (or the lack thereof) when evaluating

Plaintiff's functioning.³  There is simply no mention of alcohol or Plaintiff's alcohol dependency in Dr. Ziomet's report.  In fact, under the section stating "category(ies) upon which Medical Disposition is Based", Dr. Ziomet checked only the box next to "12.04 Affective Disorder"; she did not check the box for "12.09 Substance Addiction Disorders."  (A.R. 165.)  The Government admits "Dr. Ziomek did not take substance abuse into consideration" when she prepared her report.  (ECF No. 14 at 11.)  Because it is clear from the record that Dr. Ziomet did not consider Plaintiff's alcohol dependency in fashioning her report, the Court finds that this report does not provide any support for the ALJ's finding regarding Plaintiff's ability to work if he stopped drinking.

Additionally, Dr. Ziomet did not examine Plaintiff at all.  The Tenth Circuit has held that "findings of a nontreating physician based upon limited contact and examination are of suspect reliability."  *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987).  It has held that forms like those completed by Dr. Ziomet "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence."  *Id*.

Another basis given by the ALJ for her second RFC was Plaintiff's lack of credibility, particularly as to his alcohol consumption.  The Court takes no issue with the ALJ's findings regarding Plaintiff's credibility as they are well reasoned and supported by the record.  (A.R. 19-20.)  However, the Court fails to see how Plaintiff's lack of

---

³ The Government appears to acknowledge that the ALJ misinterpreted Dr. Ziomek's findings and refers to this misrepresentation as a "misstatement".  (ECF No. 14 at 11.)  The Government then argues that this "misstatement" is harmless error.  (*Id*.)  However, the Court must evaluate the ALJ's decision "solely on the reasons stated in the decision".  *Miller v. Barnhart*, 43 F. App'x 200, 205 (10th Cir. 2002).  The Court declines to construe the ALJ's misapprehension of the evidence as a harmless misstatement.

credibility with regard to his drinking is evidence supporting the finding that Plaintiff would be able to perform simple, unskilled labor if he stopped drinking.

The final basis for the ALJ's second RFC is the evidence regarding Plaintiff's work experience while he was in prison. During Plaintiff's hearing, the ALJ asked Plaintiff if he worked while in prison and he responded that he worked in the kitchen. (A.R. 31.) The ALJ then asked what kind of work Plaintiff did in the kitchen and he responded "I was a dishwasher." (*Id*.)

This very brief exchange in the only evidence in the record regarding Plaintiff's past experience as a dishwasher. There are no records confirming this testimony or providing more detail. The ALJ did not inquire any further into what Plaintiff's tasks involved, the hours he worked, how long he held his position as a dishwasher, whether he was able to perform his duties successfully, etc. The Court finds that this testimony is, at best, a scintilla of evidence regarding Plaintiff's ability to work if he stopped drinking. It is not substantial evidence regarding the effect that Plaintiff's alcohol dependence has on his ability to work. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971) (substantial evidence is more than a scintilla, less than a preponderance).

This Court has previously observed that "the ALJ's lay conclusion that drug use might be expected to affect plaintiff's ability to respond appropriately in the workplace, not otherwise tied to the medical record, is not substantial evidence." *King v. Astrue*, 2010 WL 3720039, *4 (D. Colo. Sept. 13, 2010) (citing *Winning v. Commissioner of Social Security*, 661 F.Supp.2d 807, 823 (N.D. Ohio 2009); *Belden v. Heckler*, 586 F.Supp. 628, 634–35 (N.D. Ind.1984)). The Tenth Circuit has held that where none of the physicians that examined a claimant addressed whether his alcohol or drug abuse

was a contributing factor in any of his disabilities, the proper course was to remand for further consideration. *Drapeau*, 255 F.3d at 1215.

In this case, the Court finds that there is a complete lack of medical evidence regarding Plaintiff's mental health impairments when he is abusing alcohol and how those impairments might be affected if he stopped abusing alcohol. The report cited by the ALJ in her analysis of how Plaintiff could function if he stopped drinking—Dr. Ziomek's report—mentions nothing about alcohol dependency. Thus, the Court finds that there is not substantial evidence in the record to support the ALJ's finding that Plaintiff's mental limitations are largely attributable to alcohol use and that, if he stopped drinking, he could perform simple, unskilled labor. Accordingly, this matter must be remanded to the Commissioner for further consideration. *See Drapeau*, 255 F.3d at 1215; *Dewey v. Barnhart*, 178 F. App'x 794, 796 (10th Cir. 2006) (remanding when there was not substantial evidence to support the ALJ's RFC).

**B.    Remaining Arguments**

Plaintiff raises three additional issues related to how the ALJ weighed and considered other evidence. Because the Court finds that the ALJ's second RFC was not supported by substantial evidence and that this error alone requires remand, it need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Dewey*, 178 F. App'x at 796 (declining to address issues raised by plaintiff when remanding). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's

silence as tacit approval or disapproval of how the evidence was considered. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 29th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge